UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,

v.

DONNA LEVY and
DAVID LEVY,

          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 4, 2013
```

S5 11 Cr. 62 (PAC)

**OPINION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    On February 25, 2013, Defendant Donna Levy ("Mrs. Levy") moved pursuant to Federal Rule of Criminal Procedure 14 to sever her trial from that of her husband, Defendant David Levy ("Mr. Levy," and collectively with Mrs. Levy, the "Defendants"). (ECF No. 247.) Mr. Levy supports the application. He has submitted a declaration stating that he will not testify at a joint trial, but is willing to offer exculpatory testimony for Mrs. Levy at her separate trial. On March 1, 2013, the Court entered an Order denying Mrs. Levy's motion. (ECF No. 255.) This Opinion explains the reasons for that ruling.

    Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Severance is warranted if there is a "serious risk that a joint trial would compromise the specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about the guilt or innocence" of one of the defendants. United States v. Fazio, No. 11 Cr. 873 (KBF), 2012 WL 1195157, at *14 (S.D.N.Y. Apr. 6, 2012) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). Public policy favors joint trials where defendants are indicted together and allegedly participated in a common scheme. United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998) (per curiam); see United States v.

Pirro, 76 F. Supp. 2d 478, 483 (S.D.N.Y. 1999) (Parker, J.). In addition, "the cases are legion that there is a strong public interest in joint trials where, as here, the defendants are both charged in the same conspiracy." Pirro, 76 F. Supp. 2d at 483 (collecting cases).

Mrs. Levy argues severance is proper under Rule 14 and the four-factor test set forth in United States v. Finkelstein, 526 F.2d 517 (2d Cir. 1976), cert. denied 425 U.S. 960 (1976). In deciding whether to grant severance based on a co-defendant's offer to testify at a separate trial, a district court considers:

> (1) the sufficiency of the showing that the co-defendant would testify at a severed trial and waive his Fifth Amendment privilege;
> (2) the degree to which the exculpatory testimony would be cumulative;
> (3) the counter arguments of judicial economy; and
> (4) the likelihood that the testimony would be subject to substantial, damaging impeachment. United States v. Freedman, 317 F. App'x 22, 25 (2d Cir. 2008) (summary order) (quoting Finkelstein, 526 F.2d at 523–24).

Whether severance is appropriate is not limited to these factors, see Finkelstein, 526 F.2d at 523; and the decision of whether to order severance is committed to the sound discretion of the district court. See United States v. Feyrer, 333 F.3d 110, 114 (2d Cir. 2003).

Mr. Levy's declaration states that he would not testify at a joint trial, but if the Court were to sever the trials into two separate proceedings, he would testify at Mrs. Levy's trial to explain several occasions where conversations were allegedly held between the Levys and third parties, in order to refute the anticipated testimony of such third parties, and would testify as to Mrs. Levy's knowledge and mental state in undertaking several of the actions alleged. It is questionable whether this offer on the eve of trial is in good faith or merely a last-minute ploy. See United States v. Wilson, 11 F.3d 346, 354 (2d Cir. 1993). In any event, Mr. Levy's representations are weakened by the fact that Mr. Levy has not otherwise indicated any intention of pleading guilty or otherwise waiving his Fifth Amendment right against self-incrimination,

and it is doubtful whether he would be more willing to do so at a separate trial. See id. Even if Mr. Levy's representations weigh in favor of severance, and they do not, this would not end the inquiry. Fazio, 2012 WL 1195157, at *15.

Mr. Levy's testimony as to conversations that occurred with third parties would be cumulative in light of what Mr. Levy could elicit on cross-examination of these witnesses, as would any testimony as to Mrs. Levy's presence or absence during conversations with third parties. Id. While Mr. Levy's purported testimony about conversations with Mrs. Levy alone cannot be obtained through other witnesses, courts have discounted this showing under the second Finkelstein factor when defendants could otherwise testify as to such facts. See, e.g., Wilson, 11 F.3d at 354. Furthermore, much of Mr. Levy's proposed testimony deals with Mrs. Levy's mental state and would otherwise be inadmissible.

As to the third Finkelstein factor, severance would clearly be detrimental to judicial economy. A substantial portion of the Government's case against each Defendant is the alleged conspiracy to commit wire fraud and securities fraud, and the substantive violations that occurred as part of this conspiracy. Were the trials of Mr. and Mrs. Levy severed, these charges would need to be presented and tried to a jury twice, requiring the multiple presentation of the same evidence and witnesses (several of whom are from out of state and are traveling from a distance). This trial is already scheduled to last several weeks, and while the Court recognizes that "duplication of proof is often inevitable in situations meriting separate trials," separate trials involving the same evidence for the same charged crimes (including a conspiracy among the same parties) would tax already "scare and overburdened judicial resources." Finkelstein, 526 F.2d at 524; see Fazio, 2012 WL 1195157, at *15.

Finally, the Court notes that Mr. Levy is likely to be subject to substantial, damaging impeachment if he testifies on behalf of Mrs. Levy. Mr. Levy has been indicted as part of the same alleged conspiracy as Mrs. Levy and has been the target of a Government investigation that has included wiretaps, cooperating witnesses, undercover operations, and other investigative techniques that, as the Government has indicated, are likely to provide fodder for cross-examination and questions regarding Mr. Levy's credibility. See United States v. Juncal, No. 97 Cr. 1162 (JFK), 1998 WL 473949, at *4 (S.D.N.Y. Aug. 7, 1998); United States v. Stella, No. 90 Cr. 95 (CSH), 1990 WL 128918, at *7 (S.D.N.Y. Aug. 27, 1990).

In light of the strong public policy in favor of joint trials for co-defendants charged with participating in the same criminal scheme and conspiracy, and the Court's evaluation of the Finkelstein factors, the Court finds that Mrs. Levy has not made the required showing to merit severance of her trial from that of Mr. Levy. Accordingly, Mrs. Levy's motion for severance is DENIED.

Dated: New York, New York
March 4, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge