UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

DONNA LEVY and
DAVID LEVY,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 5, 2013

S5 11 Cr. 62 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

      On March 1 and March 3, 2013, Defendants Donna Levy and David Levy ("Defendants") submitted several motions in limine. (ECF Nos. 257, 259.) After receiving the Government's responses and hearing argument from the parties, the Court denied the motions. The Court enters this Order to provide the reasons for its rulings.[1]

      Defendants first move to exclude the testimony of Mr. Peter J. Melley, a witness from the Financial Industry Regulatory Authority ("FINRA"), and any summary charts and graphs prepared by Mr. Melley. Defendants argue that Mr. Melley's proposed testimony is inappropriate lay opinion or expert testimony under Federal Rules of Evidence 701 and 702. The Government has represented that it seeks to call Mr. Melley to summarize voluminous records of price and trading volume information regarding certain of the stocks at issue in this case, trading records of certain brokerage accounts at issue in this case, and business records maintained by FINRA. The Government further represents that it will not seek to elicit any testimony from Mr. Melley regarding the operation of securities frauds nor any opinion testimony as to the causal relationship between the categories of materials summarized in his charts. Based on these representations and the Court's own review of Mr. Melley's charts (which summarize

---

[1] Defendants also submitted a request regarding the Government's redaction of certain materials produced to Defendants pursuant to 18 U.S.C. § 3500. This Court does not address this request in this Order.

information from the above records and do not include inferences or conclusions as to causality), the Court concludes that Mr. Melley's proposed testimony and charts are proper under Federal Rule of Evidence 1006 and do not raise the concerns identified by the Second Circuit. See United States v. Garcia, 413 F.3d 201, 210–11 (2d Cir. 2005) (finding testimony inappropriate where lay witness provided, inter alia, opinion testimony as to defendants' culpability); Bank of China v. NMB, LLC, 359 F.3d 171, 180–82 (2d Cir. 2004) (finding testimony inappropriate where lay witness provided, inter alia, opinion testimony that transactions at issue did not comport with business community's understanding and that certain actions would be considered fraud in the industry). In addition, the Court concludes that Mr. Melley's proposed testimony and definitions of common, generally understood terms that are incorporated into the summary charts does not run afoul of the Second Circuit's ruling in Bank of China, where the lay witness defined and explained international banking transactions and more complex banking terms such as "trust receipt" in the context of an international commercial transaction and drew conclusions, which the Second Circuit held was improper opinion testimony. Bank of China, 359 F.3d at 180–82.[2] Mr. Melley's proposed testimony, as the Court understands it, does not reflect his specialized knowledge due to his extensive experience as a regulator, but rather is directed solely towards explaining the information drawn from voluminous records that are otherwise properly admissible. See id. at 182.

Second, Defendants move to exclude, pursuant to Federal Rule of Evidence 403, any testimony and evidence relating to a 2008 Securities and Exchange Commission ("SEC") investigation of Cardiac Network and a proposed private lawsuit against the same company.

---

[2] The Court also notes that the other concerns highlighted by the Second Circuit, such as the gamesmanship regarding expert reports and expert testimony and the extensive opinion testimony the lay witness provided, do not appear here. See Bank of China, 359 F.3d at 180–82 n.12.

District courts have broad discretion to conduct Rule 403 balancing.  <u>United States v. Nachamie</u>, 101 F. Supp. 2d 134, 141 (S.D.N.Y. 2000).  In light of the Government's representations that it will not be seeking to introduce any evidence regarding the underlying facts of the SEC investigation, but only evidence of David Levy's statements to the SEC and testimony of a cooperating witness that Mr. Levy instructed him how to falsely answer questions relating to the investigation, the Court concludes that the probative value of this evidence would not be substantially outweighed by a danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Third, Defendants move to exclude any testimony and evidence relating to other companies that Donna Levy allegedly worked to promote in 2006 and 2007.  Defendants contend this evidence does not satisfy Federal Rule of Evidence 404(b) and should additionally be excluded under Rule 403.  While "evidence of acts occurring prior to the charged period of the conspiracy, offered only to show the background of a conspiracy, [are analyzed] as 'other crimes' evidence subject to Federal Rule of Evidence 404(b)" <u>United States v. Kaiser</u>, 609 F.3d 556, 570 (2d Cir. 2010), "[e]vidence of uncharged criminal activity is not evidence of 'other crimes, wrongs, or acts' under Rule 404(b) if that conduct 'arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." <u>United States v. Robinson</u>, 702 F.3d 22, 37 (2d Cir. 2012) (quoting <u>United States v. Carboni</u>, 204 F.3d 39, 44 (2d Cir. 2000)).  Under this rule, where a conspiracy is charged, "uncharged acts may be admissible as direct evidence of the conspiracy itself." <u>United States v. Baez</u>, 349 F.3d 90, 93 (2d Cir. 2003) (quoting <u>United States v. Thai</u>, 29 F.3d 785, 812 (2d Cir. 1994)).  In these situations, such evidence is admissible "without reference to Rule 404(b)." <u>United States v.</u>

Quinones, 511 F.3d 289, 309 (2d Cir. 2007); see United States v. Washington, 347 F. App'x 704, 706 (2d Cir. 2009) (summary order). The Court concludes that the proposed testimony is admissible as direct evidence of the charged conspiracy and should not be excluded under a Rule 403 balancing.

Finally, Defendants move to exclude evidence that they allegedly used proceeds of the charges fraudulent schemes to finance a "lavish lifestyle," and prohibit and redact statements from the Government regarding their wealth, in light of the Second Circuit's opinion in United States v. Stahl, 616 F.2d 30 (1980). The Government proposes to introduce evidence of how Defendants spent their money to show motive for engaging in criminal conduct, as evidence of the means by which Defendants induced small businessmen to believe they were good faith investors who could provide the funding they promised, and as proof they were defrauding these businessmen when they claimed they lacked money to invest in such businesses. Such uses do not raise the concerns that existed in Stahl, where "the prosecutor's basic trial strategy was to arouse prejudice against the defendant because of his wealth . . . [and he] made repeated statements during the trial that were not supported by the evidence." United States v. Weiss, 930 F.2d 185, 197 (2d Cir. 1991). Rather, such limited uses have been recognized by the Second Circuit as proper. See United States v. Quattrone, 441 F.3d 153, 187 (2d Cir. 2006). To further protect against unfair prejudice, the Court restricts the Government's use of such evidence to the proffered uses stated above, and will provide an appropriate limiting instruction to the jury. Id.

Dated: New York, New York
       March 5, 2013

                                                SO ORDERED

                                                *[signature]*

                                                PAUL A. CROTTY
                                                United States District Judge